_____
                        )

SEUNGJIN KIM,               )
                         )
          Plaintiff,       )
                         )
                         )
        v.                )      Civil Action No. 14-1034 (ABJ)
                         )
APPLE, INC.,              )
                         )
                         )
         Defendant.     )
_____)

## MEMORANDUM OPINION

       Plaintiff Seungjin Kim has filed a *pro se* complaint against Apple, Inc. According to the complaint, "Plaintiff is an owner of the spiritual materials of Jehovah's Witnesses" and an "anointed one[]" who has "copyright right and owner[ship] of the spiritual materials of Jehovah's witnesses biblically." Compl. ¶ 1 [Dkt. # 1]. "So," the complaint continues, "Plaintiff has copyright right really. That is a true fact." *Id.* It appears that plaintiff has attempted to submit a religious "app"[1] to be made available through defendant's online store, but, according to the complaint, defendant has "terminated and closed Plaintiff's developer account force two times," in violation of the command of "[t]he Justices of Supreme Court [who] informed [him] that Defendant must not delete it force because forced deletion is illegal." *Id.* ¶ 3. Plaintiff contends that defendant's actions constitute religious discrimination and that "many users in the world also have damaged because this is a worldwide case." *Id.* Plaintiff further alleges that defendant has violated the First Amendment and "infringed religious freedom in U.S. History,

---

1      It seems that plaintiff is referring to applications for use on devices like the Apple iPhone.

Pilgrim Fathers." *Id.* ¶¶ 4–5. He also suggests that defendant has in some way conspired with the Watch Tower Bible and Tract Society of Pennsylvania, which plaintiff has sued in a separate case. *See id.* ¶ 6; *see also Kim v. Watch Tower Bible & Tract Soc'y of Pa.*, No. 14-cv-1126 (D.D.C. filed July 2, 2014). As a "victim of a special crime," plaintiff seeks an order that defendant must not reject his submission, as well as an award of $1 billion, which he states is justified by the "value of Divine Law, Religious Freedom that Pilgrim Fathers in U.S. History, and a value of the first amendment to the constitution." Compl., Prayer for Relief, at 2.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, L.L.C. v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox*

*Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see, e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. And to the extent that plaintiff invokes the First Amendment in his complaint, the Court notes that the First Amendment does not apply to a private entity like Apple, Inc. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: July 7, 2014